# 22-1251

IN THE

# United States Court of Appeals

## FOR THE SECOND CIRCUIT

◆

NAFEESA SYEED, and similarly situated employees,

*Plaintiff-Appellant,*

NAULA NDUGGA,

*Plaintiff,*

—against—

BLOOMBERG L.P.,

*Defendant-Appellee,*

MATTHEW WINKLER, JOHN MICKLETHWAIT,
MARTY SCHENKER, RETO GREGORI, JOHN DOES 1-10,

*Defendants.*

———————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## BRIEF FOR PLAINTIFF-APPELLANT

NIALL MACGIOLLABHUI
LAW OFFICE OF NIALL MACGIOLLABHUI
171 Madison Avenue, Suite 305
New York, New York 10016
(646) 850-7516

*Attorneys for Plaintiff-Appellant*

## **<u>TABLE OF CONTENTS</u>**

TABLE OF AUTHORITIES ........................................................................... ii

INTRODUCTION ...................................................................................... 1

JURISDICTIONAL STATEMENT ............................................................ 3

ISSUE PRESENTED FOR REVEW........................................................... 3

STATEMENT OF THE CASE.................................................................... 4

      A.    Factual Background.................................................................. 4

      B.    Procedural History.................................................................. 6

SUMMARY OF ARGUMENT .................................................................. 7

STANDARD OF REVIEW ....................................................................... 9

ARGUMENT ........................................................................................... 10

      I.    Plaintiff Syeed was Impacted in New York by Bloomberg's
           Discriminatory Refusal to Promote Her to a New York Position.......10

CONCLUSION ........................................................................................ 16

# <u>TABLE OF AUTHORITIES</u>

## Cases

*Albunio v. City of New York*,
 16 N.Y.3d 472 (2011) ......................................................................... 14

*Anderson v. HotelsAB, LLC*,
 No. 15-CV-712 (LTS)(JLC), 2015 WL 5008771 (S.D.N.Y. Aug. 24, 2015)
 ................................................................................................................ 11, 12

*Ashcroft v Iqbal*,
 556 U.S. 662 (2009) ...............................................................................9

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) ...............................................................................9

*Chau v. Donovan*,
 357 F. Supp. 3d 276 (S.D.N.Y. 2019) .................................................. 11

*Hoffman v Parade Publications*,
 15 N.Y.3d 285 (2010) .................................................................. 1, 8, 10

*Kraiem v. JonesTrading Institutional Servs. LLC.*,
 492 F. Supp. 3d 184 (S.D.N.Y. 2020) .................................................. 12

*Makinen v City of New York*,
 857 F3d 491 (2d Cir 2017) ................................................................... 14

*Muto v. CBS Corp.*,
 668 F.3d 53 (2d Cir. 2012) ....................................................................9

*Scalercio-Isenberg v. Morgan Stanley Servs. Grp. Inc.*,
 No. 19-CV-6034 (JPO), 2019 WL 6916099 (S.D.N.Y. Dec. 19, 2019) ........ 11-12

*Shiber v. Centerview Partners LLC*,
 No. 21-CV-3649 (ER), 2022 WL 1173433 (S.D.N.Y. Apr. 20, 2022).............. 12

*Todd v. Exxon Corp.*,
 275 F.3d 191 (2d Cir. 2001) ...................................................................9

*Vangas v Montefiore Med. Ctr.*,
  823 F3d 174 (2d Cir. 2016) ................................................................... 10

**Statutes and Rules**

28 U.S.C. § 1291 ................................................................... 3

28 U.S.C. § 1332(d) ................................................................... 3

Fed. R. Civ. P. 12(b)(6) ................................................................... 1, 6

Fed. R. Civ. P. 54(b) ................................................................... 3, 7

N.Y.C. Admin. Code § 8-130(a) ................................................................... 14-15

N.Y.C. Local Law No. 35 (2005), § 1 ................................................................... 14

N.Y. Executive Law § 300 ................................................................... 15

## **INTRODUCTION**

Plaintiff-Appellant Nafessa Syeed ("Plaintiff Syeed"), who is a South Asian-American woman, worked as a reporter and producer in Dubai for Defendant-Appellee Bloomberg L.P. ("Bloomberg") before relocating in 2016 to its Washington D.C. bureau. In the present action, she has asserted claims for discrimination under the New York City Human Rights Law ("NYCHRL") and the New York State Human Rights Law ("NYSHRL"), respectively, arising from Bloomberg's failure to promote her to certain New York City-based positions, including the position of UN reporter within Bloomberg's New York bureau. Plaintiff Syeed filed a putative class action in New York state court, which was removed to federal court pursuant to the Class Action Fairness Act.

The district court granted Bloomberg's motion to dismiss under Rule 12(b)(6) on the basis that Plaintiff Syeed cannot establish that the alleged discriminatory conduct had an impact on her in New York, as required for non-resident plaintiffs to state a claim under the NYSHRL and the NYCHRL. The impact test was formulated by the New York Court of Appeals in *Hoffman v. Parade Publications*, 15 N.Y.3d 285 (2010). According to the district court, *Hoffman* makes a non-resident plaintiff's current employment in the City or State of New York a *sine qua non* of being impacted by employment discrimination in either of those locations.

1

In this regard, the district court decision conflicts with a line of other district court authority which holds, in the context of discriminatory failure-to-hire cases, that the denial of prospective employment in New York impacts a non-resident plaintiff in New York since that is where the plaintiff is impacted *in their employment*. *Hoffman* addressed alleged discrimination in an existing workplace and found that the workplace must be "in" New York City or State for the respective protections of the NYCHRL and the NYSHRL to apply. It was silent as to where the impact is felt from the discriminatory denial of prospective employment in New York.

While failure-to-promote cases may involve a single workplace, the present case involves an existing workplace (in Washington, D.C.) and a prospective workplace (in New York City). Plaintiff Syeed is seeking the protections of the New York State and City Human Rights Laws because she was denied the opportunity to work in New York City on a discriminatory basis and thus, though living and working at the time in Washington, she was impacted *in her employment* in New York City.[1] The response of the district court is that the discriminatory failure-to-hire line of authority is in conflict with *Hoffman*. Plaintiff submits that the district court has erred by reading *Hoffman* in an unduly narrow manner and that, when an individual seeks a position in New York, and is discriminatorily denied that position by a decision taken

---

[1] She is no longer pursuing her claim for constructive discharge.

2

in New York, then New York law applies, regardless of where the individual lives or works prior to seeking the New York position. Thus, the decision of the district court should be reversed.

## JURISDICTIONAL STATEMENT

The district court had jurisdiction under 28 U.S.C. § 1332(d), because the aggregate claims of the proposed class of plaintiffs exceed the sum or value of $5,000,000, and there is diversity of citizenship between at least one of the proposed class, specifically Plaintiff-Appellant, and at least one the defendants, specifically Defendant-Appellee.

The appeal is from a final judgment dated May 10, 2022 on Plaintiff-Appellant's claims pursuant to Rule 54(b). Plaintiff-Appellant filed a timely notice of appeal on June 7, 2022. This Court has jurisdiction over the appeal under 28 U.S.C. § 1291.

## ISSUE PRESENTED FOR REVIEW

1. Whether the district court erred by holding that a non-resident plaintiff's allegations that she was not hired for a job in New York City on a discriminatory basis are insufficient to meet the impact requirement of the New York State Human Rights Law and the New York City Human Rights Law, respectively, because she was not employed in New York.

3

## STATEMENT OF THE CASE

### A. Factual Background

Plaintiff Nafeesa Syeed is a South Asian-American female, who currently resides in California. A-27 (¶ 7). In October 2014, having worked for a number of major news outlets, she was hired by Bloomberg L.P. ("Bloomberg") as a reporter in its Dubai bureau. A-39 (¶ 56). Bloomberg L.P. ("Bloomberg") is a privately held media company. A-27 (¶ 11). Its global headquarters are located in in New York City. *Id.* (¶ 9). Bloomberg operates Bloomberg Media, a news organization that employs approximately 2,700 reporters, producers, and editors across over 120 news bureaus worldwide. A-28 (¶¶ 12, 16). Bloomberg Media's news content and employment decisions are controlled by its Editorial Management Committee, which operates from its New York headquarters and reports to Bloomberg founder and CEO Michael Bloomberg. A-28–29 (¶¶ 12, 14, 17–18). All three members of the Editorial Management Committee are men. *Id.* (¶¶ 14, 17).

In the Dubai bureau, Plaintiff Syeed experienced a work environment permeated by racism and hostility to women. A-39–40 (¶¶ 58–60). A year later, in October 2015, she advised Bloomberg that she wished to relocate to its New York or Washington, D.C. bureaus because of her husband's job location. A-40–41 (¶ 61). In early 2016, Ms. Syeed unsuccessfully applied for multiple reporting positions in New

4

York and Washington, D.C. A-41 (¶¶ 64–65). In March 2016, she obtained a position in the D.C. bureau covering cybersecurity. A-42 (¶ 66). After she moved there, though she was informed by a HR representative that her salary would be brought "more in line" with other salaries in the D.C. bureau, and despite a raise, she still earned substantially less than her male peers. A-43 (¶ 70). She also experienced further workplace discrimination, including being repeatedly confused by male supervisors with a different female reporter of South Asian descent; being exposed to derogatory remarks by editors about female minority employees; having her work routinely overlooked and undervalued; and being marginalized in favor of male reporters and editors. A-43–44 (¶¶ 71–75).

Throughout her time in the D.C. bureau, Plaintiff Syeed expressed interest in positions relating to foreign policy, her area of expertise. A-45 (¶ 77). In March 2018, Bloomberg's New York City-based United Nations reporter position became available, and Plaintiff Syeed affirmed her interest in it. A-46 (¶ 79). She also applied for other positions within Bloomberg's New York bureau, including the New Economy Forum Editor position. A-46–47 (¶ 82). She inquired multiple times about the UN reporter position and was told repeatedly by her manager that it was unclear whether Bloomberg's decision-making body, the (all-male) Editorial Management Committee, would fill or eliminate the position. *Id.* Ultimately, the position was filled

by a less experienced, less qualified male reporter. *Id.* In a subsequent conversation with her managing editor, she was told that "Bloomberg considered making the New York UN job a "diversity slot," but it "didn't work out that way."" A-48 (¶ 84). Plaintiff Syeed understood this response to mean that, rather than being considered for positions on her merits, she was effectively limited to positions designated as "diversity slots." *Id.* On June 6, 2018, Plaintiff Syeed met with the head of HR for the D.C. bureau and described her experience with sexism and racism, particularly with respect to promotions. A-49 (¶ 87). Plaintiff Syeed concluded her account by stating: "I am probably not telling you anything you do not already know," to which the head of HR responded: "Sadly, yes." *Id.* On June 8, 2018, Plaintiff Syeed informed her manager she could no longer work at Bloomberg due to the discrimination she had faced. A-50 (¶ 88).

## B. Procedural History

On August 9, 2020, Plaintiff Syeed commenced this action in New York state court against Bloomberg and several of its employees, and, on August 11, 2020, filed an amended complaint. A-93. Prior to any proceedings in state court, the defendants removed the case pursuant to the Class Action Fairness Act, and, on October 9, 2020, filed a motion to dismiss the amended complaint under Rule 12(b)(6) for failure to state a claim. *Id.* On November 16, 2020, Plaintiff Syeed amended her

6

complaint a second time. *Id.* The second amended complaint added Naula Ndugga as a plaintiff and dropped the individual defendants, leaving Bloomberg as the sole defendant in the case. *Id.*

On January 15, 2021, Bloomberg moved to dismiss the second amended complaint or, in the alternative, to strike Plaintiffs' demand for a jury trial. A-94. By Memorandum Opinion and Order dated October 25, 2021 (A-84–129), District Judge Gregory H. Woods granted Bloomberg's motion to dismiss Plaintiff Syeed's claims under Rule 12(b)(6) on the basis that, having worked at all relevant times in Washington, D.C., she had failed to adequately plead that she felt the impact of Bloomberg's discrimination in New York State or City for purposes of her claims under the NYSHRL and the NYCHRL.

On December 9, 2021, Plaintiff Syeed moved for the entry of final judgment pursuant to Rule 54(b). A-130. The motion was granted, and judgment was entered on May 10, 2022. A-193. On June 7, 2022, Plaintiff Syeed filed notice of appeal. A-194.

## SUMMARY OF ARGUMENT

The impact test "is relatively simple for courts to apply and litigants to follow, leads to predictable results, and confines the protections of the NYCHRL to those who are meant to be protected—those who work in the city." *Hoffman v Parade*

7

*Publications*, 15 N.Y.3d 285, 291 (2010) (citation omitted).  The same reasoning

applies with regard to the NYSHRL, the protection of which is reserved to those who

work in the state.  The plaintiff in *Hoffman* alleged unlawful discrimination in his

existing workplace, located in Atlanta, Georgia.  However, different considerations

apply when a non-resident plaintiff alleges discrimination with respect to prospective

rather than current employment, an issue not addressed in *Hoffman*.  The district court

held that a non-resident plaintiff alleging that he was unlawfully denied employment

in New York must be already employed in New York to meet the impact test.  That

holding is not required by *Hoffman*.  More importantly, it allows New York employers

who engage in discriminatory hiring and promotion decisions to be insulated from

accountability in New York courts by the expedient of directing those decisions at

non-residents.  Such an outcome would significantly undermine the protections of the

NYCHRL and the NYSHRL.  Plaintiff submits that this Court should instead uphold

the conflicting line of district court authority addressed to failure-to-hire cases, which

have found that  a non-resident plaintiff is impacted in their employment in New York

by the discriminatory denial of employment in New York, regardless of where the

plaintiff works at the time.  Since a plaintiff must allege the denial of a specific job in

New York, and not simply unspecified future career prospects, the purposes of the

impact test as outlined in *Hoffman* remain intact.  The test will be relatively simple for

8

courts to apply and litigants to follow, will lead to predictable results, and will not arbitrarily exclude non-residents seeking employment in New York from the protections of the NYCHRL and the NYSHRL.

## STANDARD OF REVIEW

To survive dismissal under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The standard "is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v Iqbal*, 556 U.S. 662, 678 (2009). The complaint must be liberally construed in favor of the plaintiff, all facts alleged therein must be accepted as true, and all reasonable inferences must be drawn in favor of the plaintiff. *Muto v. CBS Corp.*, 668 F.3d 53 (2d Cir. 2012). Ultimately, to meet the required standard, a complaint "does not need detailed factual allegations," but they "must be enough to raise a right to relief above the speculative level," such as to "raise a reasonable expectation that discovery will reveal evidence" of the elements necessary to state a claim. *Twombly*, 550 U.S. at 555-56.

This Court reviews *de novo* the district court's grant of a motion to dismiss pursuant to Rule 12(b)(6). *Todd v. Exxon Corp.*, 275 F.3d 191, 197 (2d Cir. 2001).

## **ARGUMENT**

### I.  Plaintiff Syeed was Impacted in New York by Bloomberg's Discriminatory Refusal to Promote Her to a New York Position

In *Hoffman v. Parade Publications*, 15 N.Y.3d 285 (2010), the New York Court of Appeals held that, to avail of the NYSHRL and the NYCHRL, "nonresidents of the city and state must plead and prove that the alleged discriminatory conduct had an impact within those respective boundaries." *Id.* at 289.  It found that plaintiff—a resident of Georgia who worked in Atlanta—did not meet this test in respect of his termination.  While New York City was where he attended quarterly meetings, where he was managed from, and where the decision to terminate him was made and executed, "at most, Hoffman pleaded that his employment had a tangential connection to the city and state." *Id.* at 292.  Similarly, this Court, applying the impact test adopted in *Hoffman*, in respect of a plaintiff who "worked in Yonkers, was supervised in Yonkers, was terminated in Yonkers, and does not allege that she ever went to NYC for work," rejected the argument, for purposes of a claim under the NYCHRL, "that the impact of her termination was felt in NYC because … she spoke with patients in NYC on the phone and those patients were impacted when she no longer worked with them." *Vangas v Montefiore Med. Ctr.*, 823 F3d 174, 182-183 (2d Cir. 2016).  The plaintiff "ha[d] not satisfied the impact test because her only contacts with NYC are tangential." *Id.*

10

Conversely, the plaintiff in *Anderson v. HotelsAB, LLC*, No. 15-CV-712 (LTS) (JLC), 2015 WL 5008771 (S.D.N.Y. Aug. 24, 2015), who was interviewed on Shelter Island for a position in New York City and subjected to discrimination, was found to have sufficiently alleged that the conduct "had an impact with respect to her prospective employment responsibilities in New York City," because the position for which she was not hired would have required her to work there for a period of seven months each year. *Id.* at *3. Accordingly, "[h]er rejection from the position denied her the opportunity to work in New York City, thus providing the necessary New York City workplace nexus for her claim of a NYCHRL-covered injury." *Id.* at *4. Likewise, in *Chau v. Donovan*, 357 F. Supp. 3d 276 (S.D.N.Y. 2019), the court found that where a California resident "alleges she would have taken a position in New York City had she not been discriminated against, she has satisfied the requirement that the alleged discriminatory act had an impact within the boundaries of New York City, regardless of whether the conduct occurred in California or New York City." *Id.* at 284 (citations omitted). "Courts in [the Southern District of New York] have accordingly found that when non-resident plaintiffs allege that that they were not hired for a job in New York City on a discriminatory basis, the impact requirement for both the NYSHRL and NYCHRL is met." *Scalercio-Isenberg v. Morgan Stanley Servs. Grp. Inc.*, No. 19-CV-6034 (JPO), 2019 WL 6916099, at *4 (S.D.N.Y. Dec. 19, 2019)

11

(New Jersey resident met the impact requirement by alleging "that she was discriminated against when she was not hired by the New York office of Morgan Stanley, and that Morgan Stanley retaliated against her when she complained."). In each case, the impact on the plaintiff "was specifically tied to their being deprived a job in New York on discriminatory grounds." *Kraiem v. JonesTrading Institutional Servs. LLC.*, 492 F. Supp. 3d 184, 199 (S.D.N.Y. 2020) (citations omitted). On the other hand, allegations of "unspecified future career prospects" in New York or "a mere hope to work in New York down the line" will not suffice. *Id.*; *see also Shiber v. Centerview Partners LLC*, No. 21-CV-3649 (ER), 2022 WL 1173433, at *4 (S.D.N.Y. Apr. 20, 2022) ("Shiber alleges that, had she not been fired, she at some point might have been able to work in New York City. This is not enough.").

In the present matter, Bloomberg's alleged refusal to promote Plaintiff on a discriminatory basis to certain New York City-based positions, including the position of UN reporter within its New York bureau, denied her the opportunity to work in New York City, "thus providing the necessary New York City workplace nexus," *Anderson*, 2015 WL 5008771 at *4, for her claims under the NYCHRL and the NYSHRL. However, the lower court found that *Anderson* (and *Chau* and *Scalercio-Isenberg*) had been wrongly decided, since they "run contrary to the holdings in *Hoffman*, *Vangas*, and other binding New York State precedent." A-99. In

12

particular, the district court explained, the impact test in *Hoffman* "is intended to limit the NYCHRL's and NYSHRL's scope to protect only individuals who work "in the city," and "within the state," and who feel the impact of the discrimination "in" the City or State." A-103 (citation omitted). Furthermore, *Hoffman* (and *Vangas*) "expressly acknowledged that the test would "*narrow*[ ] the class of nonresident plaintiffs who may invoke [the NYCHRL's] protection" to individuals working in New York City." *Id.* (citation omitted, emphasis in original). Therefore, *Anderson* misapplied the impact test by "expand[ing] the class of nonresident plaintiffs protected by the NYCHRL to include individuals who do not work in the city or state, but who merely speculate that they might have done so someday in the future." *Id.*

   As an initial matter, as set forth above, *Anderson* and its progeny do *not* stand for the proposition that the impact test is met by merely speculative allegations of someday working in New York. Furthermore, neither *Hoffman* nor *Vangas* (nor any of the other New York State precedent cited by the lower court) address failure-to-hire or failure-to-promote cases. They were solely concerned with alleged discrimination in existing workplaces, which for non-resident plaintiffs must be within New York State or City boundaries. However, the alleged discrimination in failure-to-hire cases concern prospective workplaces, not existing ones. So too in a failure-to-promote case such as the present one, where Plaintiff Syeed already worked for

13

Bloomberg in Washington, D.C., but was denied promotion to a new workplace in New York as a result of a discriminatory decision also made in New York City. At the time of the decision, she was not impacted in her employment in Washington (though it contributed to her subsequent decision to leave that employment). Instead, the immediate impact of the decision on Plaintiff Syeed in her employment was felt by her in New York since it was there that she was denied employment.

As a final matter, the New York City Council, as noted by this Court in *Makinen v City of New York*, 857 F3d 491 (2d Cir 2017), amended the construction provision of the NYCHRL, N.Y.C. Admin. Code § 8-130, in 2005 to emphasize its "uniquely broad and remedial purposes," and again, in 2016, "to clarify its intent to foster jurisprudence "maximally protective of civil rights in all circumstances."" *Id.* at 494-95 (citations omitted). The New York Court of Appeals has mandated that all provisions of the NYCHRL must be construed "broadly in favor of discrimination plaintiffs, to the extent that such a construction is reasonably possible." *Albunio v. City of New York*, 16 N.Y.3d 472, 477–478 (2011). Moreover, as part of the 2016 amendment of the construction provision, Section 8-130(b) provides that "[e]xceptions to and exemptions from the provisions of [the NYCHRL] shall be construed narrowly in order to maximize deterrence of discriminatory conduct."

14

N.Y.C. Local Law No. 35, at § 1 (Mar. 28, 2016).[2] Thus, to the extent that *Anderson* and the district court decision represent competing interpretations of the impact test, the former should clearly prevail for purposes of the NYCHRL.

Overall, though, Plaintiff Syeed submits that the lower court decision represents not merely a narrow interpretation of the impact test, but an erroneously narrow one under both the NYCHR and the HYSHRL. Plaintiff Syeed sought employment in New York, and her allegations that she was discriminatorily denied that opportunity by decisions made in New York should properly be subject to New York law.

---

[2] Corresponding amendments in 2019 to the construction clause of the NYSHRL, N.Y. Executive Law § 300, post-date the events presently at issue.

15

## <u>CONCLUSION</u>

For the reasons set forth above, this Court should reverse the district court's decision and order.

Dated: New York, New York
      July 29, 2022

Respectfully submitted,

*Niall MacGiollabhui*

NIALL MACGIOLLABHUI, ESQ.
LAW OFFICE OF NIALL
      MACGIOLLABHUÍ
171 Madison Avenue, Suite 305
New York, NY 10016
(646) 850-7516

*Appellate Counsel to:*

THE CLANCY LAW FIRM, P.C.

*Attorneys for Plaintiff-Appellant*

16

## <u>CERTIFICATE OF COMPLIANCE</u>

1. This brief complies with the page limitation of Fed. R. App. P.

   32(a)(7)(A) because it does not exceed 30 pages.

2. This brief complies with the typeface requirements of Fed. R. App. P.

   32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6)

   because this brief has been prepared in a proportionally spaced typeface

   using Microsoft Word in Times New Roman 14-point font.

Dated: New York, New York
      July 29, 2022

                  /s/ Niall MacGiollabhuí
                  NIALL MACGIOLLABHUÍ, ESQ.
                  LAW OFFICE OF NIALL
                    MACGIOLLABHUÍ
                  171 Madison Avenue, Suite 305
                  New York, NY 10016
                  Tel: (646) 850-7516