# 22-1251-cv

## United States Court of Appeals

*for the*

## Second Circuit

NAFEESA SYEED, and similarly situated employees,

*Plaintiff-Appellant,*

NAULA NDUGGA,

*Plaintiff,*

– v. –

BLOOMBERG L.P.,

*Defendant-Appellee,*

MATTHEW WINKLER, JOHN MICKLETHWAIT, MARTY SCHENKER,
RETO GREGORI, JOHN DOES 1-10,

*Defendants.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## BRIEF FOR DEFENDANT-APPELLEE

MARK W. BATTEN
PROSKAUER ROSE LLP
One International Place
Boston, Massachusetts 02110
(617) 526-9850

ELISE M. BLOOM
ALLISON L. MARTIN
PROSKAUER ROSE LLP
11 Times Square
New York, New York 10036
(212) 969-3000

*Attorneys for Defendant-Appellee*

# CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, the

undersigned counsel for Defendant-Appellee Bloomberg L.P. hereby states that:

1.  Bloomberg L.P. does not have any parent corporation, and

2.  No publicly held corporation owns 10% or more of its stock.


Dated: September 2, 2022
    New York, New York

*/s/ Elise M. Bloom*
Elise M. Bloom
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
(t) 212-969-3000
(f) 212-969-2900
ebloom@proskauer.com

## <u>TABLE OF CONTENTS</u>

**Page(s)**

INTRODUCTION ................................................................................................1

COUNTERSTATEMENT OF THE ISSUE PRESENTED FOR REVIEW ..............3

COUNTERSTATEMENT OF THE CASE.........................................................3

    A.    Syeed Works for BLP in Dubai and Washington, D.C.,
Where She Applies for Promotions in New York...................................3

    B.    Syeed Sues BLP, Asserting Multiple Claims under the
NYSHRL and NYCHRL...........................................................................4

    C.    The District Court Dismisses Syeed's NYSHRL and
NYCHRL Claims .....................................................................................5

SUMMARY OF THE ARGUMENT ......................................................................7

STANDARD OF REVIEW .................................................................................9

ARGUMENT ....................................................................................................10

I.    Syeed Cannot Satisfy the Impact Test To State a Claim
under the NYSHRL or NYCHRL Because She Did Not Live
or Work in New York. .......................................................................... 10

    A.    Syeed's "Prospective Workplace" Allegations
Do Not Satisfy the Impact Requirement To Bring Her
within the Scope of Persons Protected under the
NYSHRL or NYCHRL ........................................................................ 13

    B.    Syeed's Claim That the Adverse Decision Was
Made in New York Is Irrelevant ......................................................... 17

II.    The Three Failure-to-Hire District Court Cases Cited by Syeed
Are Based on Pre-*Hoffman* Law and Are Inapposite. ..................... 19

III.    The Amendments to the NYCHRL Did Not Expand the
        Scope of Persons Protected under the Statute .................................................... 23

CONCLUSION .......................................................................................................... 26

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

C<small>ASES</small>

*Albunio v. City of N.Y.*,
16 N.Y.3d 472, 922 N.Y.S.2d 244 (2011)...........................................................24

*Anderson v. HotelsAB, LLC*,
No. 15CV712 (LTS) (JLC), 2015 WL 5008771
(S.D.N.Y. Aug. 24, 2015) ...........................................................................*passim*

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)..............................................................................................9

*Baker v. Dorfman*,
239 F.3d 415 (2d Cir. 2000) ................................................................................6

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)........................................................................................9, 10

*Benham v. eCommission Sols., LLC*,
118 A.D.3d 605, 989 N.Y.S.2d 20 (1st Dep't 2014) ..........................................14

*Bennett v. Health Mgmt. Sys., Inc.*,
92 A.D.3d 29, 936 N.Y.S.2d 112 (1st Dep't 2011) ............................................24

*Chau v. Donovan*,
357 F. Supp. 3d 276 (S.D.N.Y. 2019) ....................................................15, 19, 22

*Fried v. LVI Servs., Inc.*,
No. 10-cv-9308 (JSR), 2011 WL 4633985 (S.D.N.Y. Oct. 4, 2011),
*aff'd*, 500 F. App'x 39 (2d Cir. 2012)...........................................................11, 18

*Hardwick v. Auriemma*,
116 A.D.3d 465, 983 N.Y.S.2d 509 (1st Dep't 2014) ..................................16, 18

*Hoffman v. Parade Publ'ns*,
15 N.Y.3d 285, 907 N.Y.S.2d 145 (2010)....................................................*passim*

*JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*,
412 F.3d 418 (2d Cir. 2005) .................................................................................6

iii

*Kraiem v. JonesTrading Institutional Servs. LLC*,
  492 F. Supp. 3d 184 (S.D.N.Y. 2020) .................................................16

*Leroy v. Delta Air Lines, Inc.*,
  36 F.4th 469 (2d Cir. 2022) ..............................................................10

*Odunbaku v. Odunbaku*,
  28 N.Y.3d 223 (2016) .......................................................................25

*Orinoco Realty Co. v. Bandler*,
  233 N.Y. 24 (1922) ...........................................................................25

*Pakniat v. Moor*,
  192 A.D.3d 596, 145 N.Y.S.3d 30 (1st Dep't 2021),
  *leave to appeal denied*, 37 N.Y.3d 917, 157 N.Y.S.3d 847
  (2022) ...........................................................................................*passim*

*Pedroza v. Ralph Lauren Corp.*,
  No. 19-cv-08639 (ER), 2020 WL 4273988
  (S.D.N.Y. July 24, 2020) ..................................................8, 12, 18, 22

*Pouncy v. Danka Office Imaging*,
  06-cv-4777 (RPP), 2009 WL 10695792 (S.D.N.Y. May 19, 2009)...................20

*Regan v. Benchmark Co.*,
  No. 11-cv-4511 (CM), 2012 WL 692056 (S.D.N.Y. Mar. 1, 2012) .................20

*Scalercio-Isenberg v. Morgan Stanley Servs. Grp. Inc.*,
  19-CV-6034 (JPO), 2019 WL 6916099 (S.D.N.Y. Dec. 19, 2019) ..................19

*Shiber v. Centerview Partners LLC*,
  No. 21-cv-3649 (ER), 2022 WL 1173433
  (S.D.N.Y. Apr. 20, 2022)...............................................................*passim*

*Vangas v. Montefiore Med. Ctr.*,
  823 F.3d 174 (2d Cir. 2016) ...........................................................*passim*

*Wang v. Gov't Emps. Ins. Co.*,
  No. 15-cv-1773 (JS) (ARL), 2016 WL 11469653
  (E.D.N.Y. Mar. 31, 2016)...............................................................*passim*

*Ware v. L-3 Vertex Aerospace, LLC*,
  833 F. App'x 357 (2d Cir. 2020) .........................................................11

iv

*Williams v. N.Y.C. Hous. Auth.*,
    61 A.D.3d 62, 872 N.Y.S.2d 27 (1st Dep't 2009) ..............................................24

*Wolf v. Imus*,
    170 A.D.3d 563, 96 N.Y.S.3d 54 (1st Dep't 2019) ......................................16, 17

### STATUTES AND OTHER AUTHORITIES

Fed. R. Civ. P. 12(b)(6) ......................................................................*passim*

N.Y. Exec. L. § 290 *et seq.* ...............................................................*passim*

N.Y.C. Admin. Code § 8-101 *et seq.* ................................................*passim*

N.Y.C. Admin. Code § 8-130 .....................................................................23

N.Y.C. Local Law No. 35 (Mar. 28, 2016) ................................................24

Brief for Plaintiff-Appellant, *Hoffman v. Parade Publ'ns*,
    No. 2010-0132, 2010 WL 2929509 (N.Y. Jan. 20, 2010) ..................................23

Defendant-Appellee Bloomberg L.P. ("BLP" or the "Company") respectfully submits this brief in response to the principal brief of Plaintiff-Appellant Nafeesa Syeed ("Syeed"), who appeals from the portion of the lower court's Memorandum Opinion and Order dated October 25, 2021 dismissing Syeed's failure-to-promote claims alleged in the Second Amended Complaint ("SAC") under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 290 *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq.*

## INTRODUCTION

Syeed is a California resident who worked for BLP in Dubai and Washington, D.C., but never in New York.  She commenced a lawsuit purporting to assert individual and class-wide claims of alleged employment discrimination in violation of the NYSHRL and NYCHRL, even though it is undisputed that she was never employed in or lived in New York.  As the district court correctly held in the Memorandum Opinion and Order dated October 25, 2021 (the "Order"), Syeed's claims under these statutes fail as a matter of law because she never lived or worked in New York and, as such, she cannot plead that any alleged discriminatory conduct had an impact on her in New York State or New York City.

Syeed appeals only from the portion of the Order dismissing her claims for failure-to-promote alleged under the NYSHRL and NYCHRL.  While Syeed acknowledges that "the protection of [the NYSHRL] is reserved to those who work

in the state," and that the protections of the NYCHRL are similarly confined to "those who work in the city" (*see* App. Br. at 7-8 (citing *Hoffman v. Parade Publ'ns*, 15 N.Y.3d 285, 907 N.Y.S.2d 145 (2010)), she nevertheless suggests that the lower court somehow erred in declining to expand the scope of the NYSHRL and NYCHRL to encompass individuals, like her, who never worked in New York, but who merely sought opportunities to work in New York. Syeed's invented new test—assessing "where the plaintiff is impacted *in their employment*,"[1] whatever that means—is irreconcilable with *Hoffman* and other well-settled case law recognizing that the impact test appropriately "confines the protections of the NYCHRL [and NYSHRL] to those who are meant to be protected—those who work in the [C]ity" and State. *See Hoffman*, 15 N.Y.3d at 291. Since Syeed undisputedly did not live or work in New York State or New York City at the time of the employment decisions she challenges, the district court properly concluded that Syeed could not plausibly allege that the impact of any alleged promotion denial[2] was felt by her in

---

[1] App. Br. at 2 (emphasis in original); *see id*. at 8.

[2] Syeed alleges in conclusory terms that the positions she expressed "interest in" and/or applied for would have constituted a promotion. For purposes of its motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and this appeal only, the Company assumes the truth of this allegation and any well-pled factual allegations contained in the SAC, but not any conclusory allegations or legal conclusions contained therein.

New York and dismissed her claims under the NYSHRL and NYCHRL.  The Order should be affirmed.

## COUNTERSTATEMENT OF THE ISSUE PRESENTED FOR REVIEW

1.    Whether the district court properly dismissed Syeed's claims under the NYSHRL and NYCHRL because Syeed—who lived and worked at all relevant times in Dubai or Washington D.C., and not in New York—did not (and could not) plead that any alleged discriminatory conduct had an impact on her in New York State or New York City, as the NYSHRL and NYCHRL, respectively, require to state a claim.

## COUNTERSTATEMENT OF THE CASE

### A.    Syeed Works for BLP in Dubai and Washington, D.C., Where She Applies for Promotions in New York.

Syeed alleges that she began applying for jobs with BLP beginning in 2012, but was not hired until 2014.  (A-39, ¶ 56.)  In October 2014, Syeed began working for BLP as a reporter in the Dubai News Bureau, where she produced news stories and features "from within the United Arab Emirates."  (A-39, ¶¶ 56, 57.)

In 2015, Syeed sought an internal transfer from Dubai to either the Washington, D.C. Bureau or the New York Bureau for personal reasons due to her husband's job location.  (A-40, ¶ 61.)  BLP offered Syeed the opportunity to transfer to the D.C. Bureau and she began working in Washington, D.C. on March 20, 2016.  (A-41-42, ¶ 66.)  Syeed claims that, while she was working in Washington, D.C. in

March 2018, she expressed "interest" to her supervisor in the D.C. Bureau about a United Nations reporter position based in New York, but that this position ultimately was filled by a male reporter who allegedly needed to move to a position based in the United States. (A-46, ¶ 79; A-47 n.15.) She faults her D.C-based supervisor for failing to acknowledge her expressed interest in the position and in foreign policy matters, and claims that he responded by telling her she needed to be more effective in advocating for herself. (A-46-47, ¶ 82.) She also alleges that she applied for an editor position and "various" other unidentified positions in the New York Bureau. (A-46-47, ¶¶ 81-82.) The SAC is silent as to whether these positions were ever filled and, if so, the sex, race, and relative qualifications of the individuals who filled them.

On June 6, 2018, Syeed alleges that she complained to the Head of Human Resources in Washington, D.C. about Company "culture," specifically referring to conversations she purportedly had with her Washington, D.C. managers. (A-49-50, ¶ 87.) Two days later, on June 8, 2018, Syeed resigned from her employment in the D.C. Bureau, which she characterizes in the SAC as a constructive discharge. (A-50 ¶¶ 88, 90.)

## B.    Syeed Sues BLP, Asserting Multiple Claims under the NYSHRL and NYCHRL.

More than two years later, Syeed, by then a California resident, commenced this putative class action lawsuit in New York Supreme Court on August 9, 2020. (*See* A-5, Dkt. 1-1; A-27, ¶ 7.) She filed an Amended Complaint on August 11,

2020.  (*See* A-5, Dkt. 1-2.)  After filing a Notice of Removal pursuant to the Class Action Fairness Act of 2005 ("CAFA") (A-5, Dkt. 1), BLP moved to dismiss the Amended Complaint on October 9, 2020.  (*See* A-7, Dkt. 19.)  More than a month later, on November 13, 2020, Syeed, joined by a second plaintiff, filed the SAC.  (A-25-67; *see also* A-8, Dkts. 24 & 26.)

While much of the SAC is filled with irrelevant allegations recycled from other lawsuits filed by Syeed's counsel and of which Syeed has no personal knowledge, Syeed asserted individual claims of constructive discharge; discrimination in promotions and compensation; and a hostile work environment, all under the NYSHRL and NYCHRL, and also asserted the promotion and compensation claims on behalf of a putative class (A-58-62).[3]

## C.    The District Court Dismisses Syeed's NYSHRL and NYCHRL Claims.

On January 15, 2021, the Company filed a motion to dismiss the SAC pursuant to Fed. R. Civ. P. 12(b)(6) or, alternatively, to strike Plaintiffs' demand for a jury trial.  (A-20-21; *see also* A-10, Dkts. 42-44.)  On October 25, 2021, the Honorable Gregory H. Woods issued a 46-page Memorandum Opinion and Order

---

[3] While the SAC also suggested that Syeed was asserting claims under Title VII of the Civil Rights Act of 1964 ("Title VII") (*see* A-56-57), Syeed disavowed those claims and represented to the lower court that she only sought to assert claims under the NYSHRL and NYCHRL.  (A-97, n.1.)

granting the Company's motion in full as to Syeed's claims.  (A-84-129.)  Syeed

appeals only the dismissal of her failure-to-promote claims. [4]

As relevant to the instant appeal, the lower court held that "Ms. Syeed does

not adequately plead a cause of action under the NYSHRL or the NYCHRL because

she did not plausibly allege that she felt the impact of the promotion denial within

New York State or City."  (A-97-104.)  The court explained that, under the impact

test set forth in *Hoffman*, Syeed "cannot show that Defendant's failure to promote

her impacted her in New York" because she "was living and working in Washington

D.C." when she allegedly was denied promotions and "at no point did she live or

work in New York State or City."  (A-98-99.)

---

[4] The lower court also dismissed Syeed's claim for constructive discharge (A-98), but Syeed states in her principal brief that she is not pursuing this claim on appeal. (App. Br. at 2 n.1.)  She thereby has waived any appeal with respect to the dismissal of her constructive discharge claim.  *JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005) ("[A]rguments not made in an appellant's opening brief are waived even if the appellant pursued those arguments in the district court or raised them in a reply brief.").  Moreover, while Syeed asserted claims of hostile work environment and pay discrimination under New York law in the SAC, Syeed conceded in her motion to dismiss briefing before the lower court—as she must—that these alleged acts did not impact her in New York and therefore were insufficient to state a claim under the NYSHRL or NYCHRL.  (*See* A-98 n.3.)  Those claims also are not before the Court in this appeal and have been waived.  *See, e.g.*, *Baker v. Dorfman*, 239 F.3d 415, 423 (2d Cir. 2000) ("a federal appellate court does not consider an issue not passed upon below.") (citation omitted).

On December 9, 2021, Syeed filed a motion for the entry of judgment pursuant to Rule 54(b). (A-130.) The lower court granted her motion and judgment was entered against Syeed on May 10, 2022. (A-173; A-193.) On June 7, 2022, Syeed filed a notice of appeal from the judgment. (A-194.)

## SUMMARY OF THE ARGUMENT

The New York Court of Appeals has clearly articulated that the NYCHRL only protects "those who inhabit or are 'persons in' the City of New York," and that the NYSHRL covers only "'inhabitants' and persons 'within' the State." *Hoffman*, 15 N.Y.3d at 286, 291. To state a claim under the NYSHRL and NYCHRL, then, a plaintiff must plead that she was an inhabitant of or person working in New York State or City when she experienced the impact of the alleged discriminatory conduct—not merely allege that she was impacted "in her employment," as Syeed unaccountably argues (App. Br. at 2, 8). *See, e.g.*, *Hoffman*, 15 N.Y.3d at 289, 291; *Vangas v. Montefiore Med. Ctr.*, 823 F.3d 174, 183 (2d Cir. 2016). Syeed, as neither an inhabitant of nor a person working in New York State or City at any point in time, could not have felt the impact of any alleged unlawful conduct in New York and therefore the district court properly held that she cannot bring claims under either statute.

It makes no difference that Syeed alleges denial of a promotion that would have resulted in a transfer into New York because she cannot show that this

decision—which she acknowledges resulted in her continuing to work for the Company in Washington, D.C.—was "felt *by the [P]laintiff*" within the geographic boundaries of New York City or State. *Vangas*, 823 F.3d at 183 (emphasis in original). Other courts in this Circuit addressing similar claims brought by current employees have likewise consistently held that a non-resident plaintiff who did not work within the territorial boundaries of New York cannot make the required showing of impact to pursue claims under New York law based on an expectation of prospective work in New York.[5]

Syeed's threadbare allegations that decisions to deny her promotions were made in New York similarly ignore blackletter law that coverage under the NYSHRL and NYCHRL turns on where the impact of the adverse decision is felt, not where the adverse decision was made. *See, e.g.*, *Hoffman*, 15 N.Y.3d at 290; *Pakniat v. Moor*, 192 A.D.3d 596, 597, 145 N.Y.S.3d 30, 31 (1st Dep't 2021), *leave to appeal denied*, 37 N.Y.3d 917, 157 N.Y.S.3d 847 (2022).

The only contrary legal authority Syeed has to rely on are three district court cases involving failure-to-hire (not failure-to-promote) claims, two of which rely on

---

[5] *See, e.g.*, *Wang v. Gov't Emps. Ins. Co.*, No. 15-cv-1773 (JS) (ARL), 2016 WL 11469653, at *7 (E.D.N.Y. Mar. 31, 2016); *Shiber v. Centerview Partners LLC*, No. 21-cv-3649 (ER), 2022 WL 1173433, at *6 (S.D.N.Y. Apr. 20, 2022); *Pedroza v. Ralph Lauren Corp.*, No. 19-cv-08639 (ER), 2020 WL 4273988, at *4 (S.D.N.Y. July 24, 2020).

the third without discussion. However, these minority decisions are unpersuasive because they are based on pre-*Hoffman* law and are inconsistent with *Hoffman* and the many other cases enforcing *Hoffman*'s plain holding that the scope of the NYSHRL and NYCHRL is limited to those who work in New York, including cases decided more recently than those cited by Syeed. (*See* A-103 (quoting *Hoffman*, 15 N.Y.3d at 289-90).)

Syeed's final argument that the NYCHRL requirements should be generously construed also offers no basis to disturb the lower court's well-reasoned Order. The amendments she references did not change the territorial scope of the law, and have no bearing on the impact requirement.

For all of the foregoing reasons, the Order should be affirmed.

## STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," and there must be "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A claim is not facially plausible unless "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal, a complaint must offer more than "labels and conclusions," "a formulaic

recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555, 557.

This Court reviews "*de novo* the grant of a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6)." *Leroy v. Delta Air Lines, Inc.*, 36 F.4th 469, 473 (2d Cir. 2022).

## ARGUMENT

### I.    Syeed Cannot Satisfy the Impact Test To State a Claim under the NYSHRL or NYCHRL Because She Did Not Live or Work in New York.

The district court correctly held that Syeed's claims under the NYSHRL and NYCHRL failed as a matter of law because she could not plausibly allege that she felt the impact of any alleged discriminatory acts in New York State or New York City.

To state a claim under the NYSHRL or the NYCHRL, a plaintiff, like Syeed, who resides outside of New York must allege that she felt the impact of alleged discrimination within New York State or City. *Hoffman*, 15 N.Y.3d at 290-92 (affirming order granting a motion to dismiss NYSHRL and NYCHRL claims and holding that a plaintiff must satisfy the "impact requirement" in order to be afforded the protection of the NYSHRL and NYCHRL); *Vangas*, 823 F.3d at 183 (holding that to state a claim under the NYCHRL, the "impact of the employment action must be felt *by the plaintiff*" in New York City) (emphasis in original).

10

In adopting the "impact requirement," the Court of Appeals explained that "it is clear from the [NYCHRL's] language that its protections are afforded only to those who inhabit or are 'persons in' the City of New York." *Hoffman*, 15 N.Y.3d at 289. Similarly, the "obvious intent" of the text of the NYSHRL is "to protect 'inhabitants' and persons 'within' the state, meaning that those who work in New York fall within the class of persons who may bring discrimination claims in New York." *Id.* at 291.

The impact test therefore appropriately "confines the protections of the NYCHRL [and NYSHRL] to those who are meant to be protected – *those who work in the city*" and state. *Id.* (emphasis added); *see also Vangas*, 823 F.3d at 182 ("The NYCHRL is intended to cover people 'who work in the City'") (citation omitted); *Ware v. L-3 Vertex Aerospace, LLC*, 833 F. App'x 357, 358-59 (2d Cir. 2020) (summary order) ("Plaintiffs who seek protection under the NY[S]HRL or NYCHRL must either work in or reside in the State or City, depending on the statute under which they assert a cause of action.").

The impact test is *not* intended to be a "fact-intensive analysis of the amount of contact a particular individual maintained with New York." *Fried v. LVI Servs., Inc.*, No. 10-cv-9308 (JSR), 2011 WL 4633985, at *13 (S.D.N.Y. Oct. 4, 2011), *aff'd*, 500 F. App'x 39 (2d Cir. 2012) (summary order). Rather, it is intended to be

"simple for courts to apply and litigants to follow" and to "lead[] to predictable results." *Hoffman*, 15 N.Y.3d at 291.

Following *Hoffman*, courts have consistently held that a plaintiff who works outside of New York City or State cannot state a claim under the NYCHRL and/or NYSHRL, respectively, because the plaintiff cannot plausibly allege that he or she felt the impact of the alleged discrimination in New York. *See, e.g.*, *Vangas*, 823 F.3d at 182-83 (affirming dismissal of NYCHRL claims because the plaintiff who worked in Yonkers could not show that her termination impacted her in New York City); *Wang v. Gov't Emps. Ins. Co.*, No. 15-cv-1773 (JS) (ARL), 2016 WL 11469653, at *7 (E.D.N.Y. Mar. 31, 2016) (dismissing NYCHRL failure-to-promote claims where the Long Island-based plaintiff failed to plausibly allege that the promotion denial impacted her in New York City); *Pakniat*, 192 A.D.3d at 597 (holding that a plaintiff who lived and worked in Canada was not impacted in New York and could not bring claims under the NYSHRL or NYCHRL); *Shiber v. Centerview Partners LLC*, No. 21-cv-3649 (ER), 2022 WL 1173433, at *6 (S.D.N.Y. Apr. 20, 2022) (granting motion to dismiss NYSHRL and NYCHRL claims because the plaintiff who worked in New Jersey failed to allege impact in New York); *Pedroza*, No. 19-cv-08639 (ER), 2020 WL 4273988, at *4 (S.D.N.Y. July 24, 2020) (same).

12

Syeed, as a resident of California who at one time lived and worked for BLP in Washington, D.C., but *never* in New York (A-27, ¶ 7; A-39-50, ¶¶ 56-90), cannot plausibly allege that she felt the impact of any alleged discrimination within the territorial boundaries of New York State or New York City, as she must do to state a claim under the NYSHRL and NYCHRL. As the district court correctly held, this deficiency is fatal to Syeed's claims alleged under the NYSHRL and NYCHRL. (A-97-104.)

### A. Syeed's "Prospective Workplace" Allegations Do Not Satisfy the Impact Requirement To Bring Her within the Scope of Persons Protected under the NYSHRL or NYCHRL.

Unable to allege that she experienced any unlawful conduct in New York, Syeed instead insists that she should be permitted to avail herself of the protections of New York law long distance because, while working in Washington, D.C., she allegedly was denied promotions that would have required her to transfer to the New York News Bureau. That sort of "prospective workplace" claim is inconsistent with *Hoffman*, *Vangas* and other New York appellate court precedent, which conclusively establish that the protections of the NYSHRL and NYCHRL only extend to individuals who "work in" New York and feel impact "in" New York. *Vangas*, 823 F.3d at 183; *Hoffman*, 15 N.Y.3d at 291; *see also Pakniat*, 192 A.D.3d at 597 (affirming dismissal of claims under the NYSHRL or NYCHRL and noting that *Hoffman* found that the text of the NYSHRL only protects residents or nonresidents

who work in the State); *Benham v. eCommission Sols., LLC*, 118 A.D.3d 605, 606, 989 N.Y.S.2d 20, 21 (1st Dep't 2014) (affirming dismissal of NYSHRL and NYCHRL claims and noting "[w]hether New York courts have subject matter jurisdiction over a nonresident plaintiff's claims under the HRLs turns primarily on her physical location at the time of the alleged discriminatory acts").

Two other district courts in this Circuit have addressed arguments of impact based on a "prospective workplace" theory and, in both cases, the courts reached the same conclusion as Judge Woods and held that a plaintiff who lives and works outside of New York cannot satisfy the impact test based on the denial of a future opportunity to work in New York City or State. In *Wang*, the plaintiff worked for GEICO on Long Island and alleged that she was denied a promotion to a supervisory attorney position involving work in New York City courts in violation of the NYCHRL. 2016 WL 11469653, at *7. Citing *Hoffman*'s holding that the NYCHRL limits its remedies "to those who are meant to be protected—those who work in the city," the court dismissed the NYCHRL claim, holding that the plaintiff failed to demonstrate "how the impact of [the employer]'s alleged conduct" – the denial of the promotion – "was felt in New York City." *Id*. The same rationale warrants

14

dismissal of Syeed's claims in this case.[6]  (A-99 (citing *Wang*, 2016 WL 11469653, at *7).)

In *Shiber*, a New Jersey resident who was hired to work in defendant's New York City office had instead worked from her home in New Jersey for the duration of her employment with defendant because of the COVID-19 pandemic.  2022 WL 1173433, at *1.  The plaintiff alleged that she understood that remote work would be temporary and that she expected to work in New York City when defendant's offices in New York City reopened, but that her employment was unlawfully terminated before in-office work resumed in violation of the NYSHRL and NYCHRL.  *Id.*  Shiber argued that she satisfied the *Hoffman* requirement because, had she not been fired due to alleged discrimination, she would have worked in defendant's New York City offices in the future, as she had been hired to do.  *Id.* at *4 (citing *Anderson v. HotelsAB, LLC*, No. 15CV712 (LTS) (JLC), 2015 WL 5008771 (S.D.N.Y. Aug. 24, 2015) and *Chau v. Donovan*, 357 F. Supp. 3d 276 (S.D.N.Y. 2019)).  Thus, Shiber claimed not merely that she had applied for a New York-based job, as Syeed does, but that she actually already held one.  The court nevertheless flatly rejected the attempt to invoke New York law based on a

---

[6] Syeed does not even acknowledge *Wang* in her principal brief, let alone try to distinguish it, even though *Wang* was discussed extensively in the lower court briefing and was prominently cited in the Order.  (A-99.)

prospective workplace in New York because Shiber had physically worked only in New Jersey.  *Id.* at *4.  The court explained that "[a]s another court in this district made plain, pleading impact in New York City by 'unspecified future career prospects would . . . represent a[n] . . . impermissible broadening of the scope of [the NYCHRL and NYSHRL]."  *Id.* (quoting *Kraiem v. JonesTrading Institutional Servs. LLC*, 492 F. Supp. 3d 184, 199 (S.D.N.Y. 2020)).  "In other words, if 'impact can be shown by a mere hope to work in New York down the line, the flood gates would be open.'"  *Id.* (quoting *Kraiem*, 492 F. Supp. 3d at 199).

Syeed, like the plaintiffs in *Wang* and *Shiber*, has no remedy under New York law for discrimination she purportedly experienced while she was working in Washington, D.C.  Even accepting her allegations in the SAC as true, Syeed cannot establish that she felt the impact of a decision not to promote her – which she acknowledges had the effect of her continuing to work in Washington, D.C. – anywhere but in Washington, D.C., where she remained employed by BLP.  *See also Hardwick v. Auriemma*, 116 A.D.3d 465, 467, 983 N.Y.S.2d 509, 512 (1st Dep't 2014) (affirming dismissal of NYSHRL and NYCHRL claims brought by a plaintiff who lived in New York State and was employed by a New York City-based employer because the alleged discrimination occurred while plaintiff was on an assignment in London); *Wolf v. Imus*, 170 A.D.3d 563, 564, 96 N.Y.S.3d 54, 55 (1st Dep't 2019) (holding that NYSHRL and NYCHRL claims alleged by a plaintiff who

16

lived and worked in Florida were properly dismissed and explaining that "[w]hether New York courts have subject matter jurisdiction over a nonresident plaintiff's claims under the HRLs turns primarily on her [or his] physical location at the time of the alleged discriminatory acts") (citation omitted). Syeed's claims under the NYSHRL and NYCHRL therefore were properly dismissed.

### B. Syeed's Claim That the Adverse Decision Was Made in New York Is Irrelevant.

Syeed also cannot make the requisite showing of impact in New York based on her allegation that the decision not to promote her was made in New York. (App. Br. at 14.) Leaving aside that the SAC actually attributes at least some involvement in the promotion denial to superiors with whom she worked in Washington, D.C. (*see* A-46-48, ¶¶ 79, 81-83), *Hoffman* makes clear that this allegation has no bearing at all on the impact test. In *Hoffman*, the Georgia plaintiff also had alleged that the discriminatory decision was made and effectuated at the defendant's New York City headquarters. 15 N.Y.3d at 288. The Court of Appeals held that a plaintiff could not bring a claim under the NYCHRL by merely alleging and proving that the alleged discriminatory decision was made in New York City, resolving a split among state and federal courts on this issue. *Id.* at 288-91 ("The Appellate Division's rule that a plaintiff need only plead and prove that the employer's decision . . . was made in the city is impractical, would lead to inconsistent and arbitrary results, and expands NYCHRL protections to nonresidents who have, at most, tangential

17

contacts with the city.").  The court similarly dismissed Hoffman's claims under the NYSHRL because that statute also does not apply to nonresidents "who are unable to demonstrate that the impact of the discriminatory act was felt inside the state." *Id.* at 292.

Numerous courts following *Hoffman* have held that a plaintiff who did not work in New York cannot state a claim under the NYSHRL or NYCHRL, even where the allegedly discriminatory decisions were made in New York.  *See, e.g.*, *Pakniat*, 192 A.D.3d at 597 ("[t]he fact that the alleged discriminatory acts and unlawful decision to terminate plaintiff's employment occurred in New York is insufficient to plead impact in New York" under the NYSHRL or NYCHRL); *Hardwick*, 116 A.D.3d at 467 ("it is the place where the impact of the alleged discriminatory conduct is felt that controls whether the [New York State and City] Human Rights Laws apply, not where the decision is made"); *Fried*, 500 F. App'x at 42 (summary order) (affirming dismissal of NYCHRL claim where the alleged discriminatory decision was made in New York City because plaintiff "did not 'work in the city'"); *Pedroza*, 2020 WL 4273988, at *2, 5 (dismissing NYSHRL and NYCHRL claims brought by New Jersey-based employee because "[c]ourts look to where the impact occurs, not the place of its origination").  Here, Syeed's allegation that decisionmakers were located in New York is likewise irrelevant.

**II.    The Three Failure-to-Hire District Court Cases Cited by Syeed Are Based on Pre-*Hoffman* Law and Are Inapposite.**

Syeed does not cite a single case holding that the denial of a promotion or internal transfer can satisfy *Hoffman*'s impact requirement where, as here, the plaintiff is a current employee who lives and works for the employer outside New York at the time of the alleged adverse action.  Instead, she relies exclusively on three isolated district court decisions involving failure-to-hire claims, where there was no employment relationship between the plaintiff and defendant.  (App. Br. at 11) (citing *Anderson*, 2015 WL 5008771; *Scalercio-Isenberg v. Morgan Stanley Servs. Grp. Inc.*, 19-CV-6034 (JPO), 2019 WL 6916099 (S.D.N.Y. Dec. 19, 2019); *Chau*, 357 F. Supp. 3d 276).  The district court carefully considered this trio of cases and, after thorough and thoughtful analysis, declined to follow them because "these decisions run contrary to the holdings of *Hoffman*, *Vangas*, and other binding New York State precedent."  (A-99.)

As an initial matter, *Scalercio-Isenberg* and *Chau* simply followed the decision in *Anderson* without any independent analysis of the impact test or *Anderson*'s reasoning.  (A-101.)  In *Anderson*, the plaintiff, who sought employment in a position that would have required work in both New York City and Shelter Island, alleged that she was not hired following an interview on Shelter Island due to alleged discrimination.  2015 WL 5008771, at *1-2.  Rather than following *Hoffman*'s straightforward examination of the plaintiff's location, the *Anderson*

19

court decided that impact should be assessed by engaging in "a practical substantive consideration of how and where the injury actually affected the plaintiff" and, under this novel test, found the plaintiff's allegations sufficient to proceed under the NYCHRL. *Id.* at *3.

As the district court here appropriately observed, "[t]here are numerous issues with *Anderson*'s analysis." (A-102.) First, the court in *Anderson* relied exclusively on *Regan v. Benchmark Co.*, No. 11-cv-4511 (CM), 2012 WL 692056 (S.D.N.Y. Mar. 1, 2012) in adopting a "practical substantive consideration" test to assess impact. *Anderson*, 2015 WL 5008771, at *3 (citing *Regan*, 2012 WL 692056, at *14). But *Regan*'s impact analysis relied on a single case, *Pouncy v. Danka Office Imaging*, 06-cv-4777 (RPP), 2009 WL 10695792, at *12 (S.D.N.Y. May 19, 2009), that pre-dates the Court of Appeals' seminal *Hoffman* decision. *Regan*'s "lack of reliance on post-*Hoffman* decisions" therefore "is grounds for concern as to the legitimacy of *Regan*'s analysis." (A-103.)

Second, *Regan* is factually distinguishable from a case where the plaintiff never worked in New York. The plaintiff in *Regan* had worked in New York City for the majority of her employment and the court found that the plaintiff's transfer to an office in New Jersey was "the culmination of a number of alleged discriminatory acts that took place at [defendant's] New York City office while Regan worked there." 2012 WL 692056, at *14. *Regan* does not stand for the

20

proposition that a plaintiff, like Syeed, who never worked in New York and who does not claim to have experienced any unlawful conduct in New York can make the requisite showing of impact in New York merely by applying for a job here.

Third, and most critically, "*Anderson*'s purported application of the impact test undermines the central tenet proclaimed in *Hoffman*: the impact test is intended to limit the NYCHRL's and NYSHRL's scope to protect only individuals who work 'in the city,' and 'within the state,' and who feel the impact of the discrimination 'in' the City or State." (A-103 (quoting *Hoffman*, 15 N.Y.3d at 289-90).) In *Vangas*, a decision issued a year after *Anderson*, this Court likewise recognized that the impact test "confines the protections of the NYCHRL to those who are meant to be protected—those who work in the city." 823 F.3d at 182 (quoting *Hoffman*, 15 N.Y.3d at 289-90). This Court further cautioned against applying the impact test so as to "broaden the statute impermissibly beyond those 'who work in the city.'" *Id.* at 183 (citation omitted). But, as the district court correctly observed, "*Anderson*'s misapplication of the impact test does exactly that: it expands the class of nonresident plaintiffs protected by the NYCHRL to include individuals who do not work in the city or state, but who merely speculate that they might have done so someday in the future." (A-103.) *Anderson* and its progeny therefore present no persuasive basis to expand the territorial scope of the NYSHRL or NYCHRL beyond

those who work in New York and who have plausibly alleged that they experienced impact in New York.

There is even less justification to deviate from *Hoffman*'s impact requirement on the facts of this case, involving not a failure to hire but an alleged failure to promote where the plaintiff remained working in Washington, D.C. Since *Anderson* was decided, other courts have reached the same conclusion as the lower court here and found *Anderson* to be inapposite to claims alleged by current employees. *See, e.g.*, *Shiber*, 2022 WL 1173433, at *4 (rejecting plaintiff's arguments of impact on a prospective workplace based on *Anderson* and *Chau* because "Shiber has not alleged—and cannot allege—a discriminatory failure-to-hire claim"); *Pedroza*, 2020 WL 4273988, at *3-6, n.2 (dismissing NYSHRL and NYCHRL claims brought by a New Jersey-based plaintiff for unlawful termination, and finding the failure-to-hire cases relied on by plaintiff to be "unconvincing" because plaintiff had worked for the employer for "years" so "her situation cannot be analogized to a plaintiff who was not hired due to discrimination").

For all of the foregoing reasons, the cases relied on by Syeed do not change the conclusion that she did not experience the impact of any alleged adverse action within New York.

### III. The Amendments to the NYCHRL Did Not Expand the Scope of Persons Protected under the Statute.

Syeed makes a final attempt to salvage her deficient NYCHRL claims by suggesting that the 2005 and 2016 amendments to the NYCHRL construction provision, N.Y.C. Admin. Code § 8-130, somehow wiped away *Hoffman*'s ruling that the NYCHRL is limited to non-residents who "work in the city."[7] Her efforts are unavailing because, as the district court correctly explained, "*Hoffman*, *Vangas*, and [state court precedent] leave no doubt that courts cannot expand the scope of the persons to whom those protections are afforded, namely, individuals who live and work in New York City and State." (A-104.) Indeed, Hoffman himself argued that the territorial scope of the NYCHRL should be broadly construed in light of the 2005 amendments to Section 8-130 of the Administrative Code providing that the NYCHRL is to be liberally construed.[8] After carefully considering the text of the NYCHRL as amended, the Court of Appeals nevertheless concluded that "it is clear" that the scope of the NYCHRL is limited to non-residents "who work in the city." *Hoffman*, 15 N.Y.3d at 289-90.

Syeed's reliance on the 2016 amendments to the NYCHRL construction provision fares no better. While the 2016 amendments state that "exceptions to and

---

[7] Syeed's argument in this regard does not address her claim under the NYSHRL.

[8] *See* Brief for Plaintiff-Respondent, *Hoffman v. Parade Publ'ns*, No. 2010-0132, 2010 WL 2929509, at *16, 21, 30 (N.Y. Jan. 20, 2010).

exemptions from" the NYCHRL shall be narrowly construed, N.Y.C. Local Law No. 35 § 1 (Mar. 28, 2016), the fact that the legislature limited coverage under the law to "those who inhabit or are 'persons in' the City of New York" is neither an exception to nor an exemption from the law. *See generally Hoffman*, 15 N.Y.3d at 289-90 (surveying NYCHRL provisions referring the territorial scope). The 2016 amendments further identified three cases "that have correctly understood and analyzed the liberal construction requirement," N.Y.C. Local Law No. 35 § 2(c) (Mar. 28, 2016), but the three judicial decisions incorporated into the NYCHRL's amended construction provision have nothing to do with the impact test and do not even cite *Hoffman*, even though two of the opinions were issued shortly after *Hoffman* was decided by the New York Court of Appeals. Instead, all three of the cases cited in the 2016 amendment address how various substantive provisions of the NYCHRL should be interpreted.[9]

Nowhere in either the plain text of the 2016 amended construction provision, *see* N.Y.C. Local Law No. 35 § 2 (Mar. 28, 2016), or in the legislative history leading

---

[9] *See Albunio v. City of N.Y.*, 16 N.Y.3d 472, 922 N.Y.S.2d 244 (2011) (noting that the anti-retaliation provision had to be construed "broadly in favor of discrimination plaintiffs"); *Bennett v. Health Mgmt. Sys., Inc.*, 92 A.D.3d 29, 936 N.Y.S.2d 112 (1st Dep't 2011) (addressing the burden shifting analysis to be applied to NYCHRL claims); *Williams v. N.Y.C. Hous. Auth.*, 61 A.D.3d 62, 872 N.Y.S.2d 27 (1st Dep't 2009) (holding that discrimination claims alleged under the NYCHRL must be independently analyzed in light of the law's broad remedial purpose, even where state and federal laws have comparable language).

up to its enactment did the New York City Council suggest that it intended to override the Court of Appeals' decision in *Hoffman*. Had the City Council intended to expand the scope of the persons protected under the NYCHRL to include individuals who never worked within the City, it could have legislated to that end and amended the provisions that the *Hoffman* court relied on in holding that the NYCHRL, by its plain language, does not apply to non-residents who do not work in the City. It did not do so. To the contrary, the Council has repeatedly amended various provisions of the NYCHRL while leaving the impact test undisturbed. Because the City Council has demonstrated a ready willingness to amend the NYCHRL but has not altered the impact test "notwithstanding the legislature's presumed knowledge of the *Hoffman* decision," the New York City Council should be deemed to have endorsed *Hoffman*'s interpretation of the NYCHRL. *Pakniat*, 192 A.D.3d at 597 (rejecting the argument that comparable amendments to the NYSHRL altered the impact requirement).[10] The district court's Order accordingly should be affirmed.

_____

[10] *See also Orinoco Realty Co. v. Bandler*, 233 N.Y. 24, 30 (1922) ("When the Legislature amends or considers afresh a statute it will be assumed to have knowledge of judicial decisions interpreting the statute as then existing, and, if it deals with it in a manner which does not rebut or overthrow the judicial interpretation, it will be regarded as having legislated in the light of and as having accepted such interpretation."); *accord Odunbaku v. Odunbaku*, 28 N.Y.3d 223, 229 (2016) ("[I]t is well settled that '[t]he Legislature is . . . presumed to be aware of the

## CONCLUSION

For all of the foregoing reasons, the Court should affirm the district court's Decision and Order.

Respectfully submitted,

BLOOMBERG L.P.

By its attorneys,

Dated: September 2, 2022
  New York, New York

*/s/ Elise M. Bloom*
Elise M. Bloom
Allison L. Martin
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
(t) 212-969-3000
(f) 212-969-2900
ebloom@proskauer.com
amartin@proskauer.com

Mark W. Batten
PROSKAUER ROSE LLP
One International Place
Boston, Massachusetts 02110
(t) 617-526-9850
(f) 617-526-9899
mbatten@proskauer.com

*Attorneys for Defendant-Appellee*
*Bloomberg L.P.*

---

decisional and statute law in existence at the time of an enactment.'") (citation omitted).

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitations of Fed. R. App.

P. 32(a)(7)(B)(i) and this Court's Local Rule 32.1(a)(4)(A) because it contains

6,281 words, excluding parts of the brief exempted by Fed. R. App. P. 32(f).

This brief complies with the typeface requirements of Fed. R. App.

P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it

has been prepared in a proportionally spaced typeface using Microsoft Word in

Times New Roman 14-point font.

Dated: September 2, 2022
New York, New York

*/s/ Elise M. Bloom*
Elise M. Bloom
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
(t) 212-969-3000
(f) 212-969-2900
ebloom@proskauer.com