22-1251
*Syeed v. Bloomberg L.P.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of June, two thousand twenty-four.

PRESENT:

>DENNIS JACOBS,
>RICHARD J. SULLIVAN,
>MYRNA PÉREZ,
>>*Circuit Judges.*

_____

NAFEESA SYEED,

>*Plaintiff-Appellant*,

>v.          No. 22-1251

BLOOMBERG L.P.,

>*Defendant-Appellee.*

_____

| | |
|---|---|
| **For Plaintiff-Appellant:** | NIALL MACGIOLLABHUI, Law Office of Niall MacGiollabhui, New York, NY. |
| **For Defendant-Appellee:** | ELISE M. BLOOM, Proskauer Rose LLP, New York, NY (Allison L. Martin, Proskauer Rose LLP, New York, NY, Mark W. Batten, Proskauer Rose LLP, Boston, MA, *on the brief*). |

Appeal from a judgment of the United States District Court for the Southern District of New York (Gregory H. Woods, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the May 10, 2022 judgment of the district court is **VACATED** and **REMANDED** for further proceedings.

Nafeesa Syeed appeals from a judgment of the district court dismissing her claims brought under the New York City Human Rights Law (the "NYCHRL") and the New York State Human Rights Law (the "NYSHRL") against Bloomberg L.P., her former employer. We assume the parties' familiarity with the facts and record of the prior proceedings, which we described more fully in our prior opinion certifying certain legal questions to the New York Court of Appeals. *See Syeed v. Bloomberg L.P.*, 58 F.4th 64 (2d Cir. 2023).

On appeal, Syeed argues that the district court erred in holding that job applicants who do not reside or work in New York City or State cannot sue

2

employers under the NYCHRL or NYSHRL for failing to hire or promote them into positions located in the City or State. Because this issue was an important and unsettled question of New York law, we certified to the New York Court of Appeals the following question:

> Whether a nonresident plaintiff not yet employed in New York City or State satisfies the impact requirement of the New York City Human Rights Law or the New York State Human Rights Law if the plaintiff pleads and later proves that an employer deprived the plaintiff of a New York City- or State-based job opportunity on discriminatory grounds.

*Id.* at 71.

In an opinion filed on March 14, 2024, the New York Court of Appeals answered the certified question in the affirmative. *See Syeed v. Bloomberg L.P.*, No. 20, --- N.E.3d ----, 2024 WL 1097279, at *2 (N.Y. Mar. 14, 2024). Specifically, the court held that "the New York City and New York State Human Rights Laws each protect nonresidents who are not yet employed in the city or state but who proactively sought an actual city- or state-based job opportunity." *Id.* at *1.

This answer to our certified question contradicts the district court's reasons for dismissing Syeed's claims and requires vacatur of that judgment. *See* J. App'x at 104 (dismissing Syeed's claims because she did not reside or work in New York City or State). Accordingly, the judgment of the district court is **VACATED** and

3

the case is **REMANDED** for further proceedings consistent with the opinion of the New York Court of Appeals and this order. We thank the New York Court of Appeals for its assistance in resolving this unsettled question of New York law.

                          FOR THE COURT:
                          Catherine O'Hagan Wolfe, Clerk of Court